**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 11-1313** |
| **versus** | * | **SECTION "I" (1)** |
| **KEVIN A. McDONELD** | * | **JUDGE AFRICK** |
| *    *    *    *    *    *    * | | **MAGISTRATE SHUSHAN** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summons.  Rec. Doc. 1.  The record demonstrates that defendant, Kevin A. McDoneld ("McDoneld") was served with a copy of the petition on June 20, 2011. Rec. Doc. 4 (Return of Service).  Since that time, McDoneld has filed no response or objection of record.

On July 28, 2011, the Court issued an Order to Show Cause (Rec. Doc. 7) to McDoneld, scheduling a show cause hearing for August 24, 2011, at 10:00 a.m.  While the record demonstrates that McDoneld was properly notified of the hearing (Rec. Doc. 8, Return of Service), he did not appear at the hearing.  For the following reasons, it is recommended that the government's petition be granted and the summons enforced.

Charles Adams is a revenue officer with the Internal Revenue Service ("IRS") and commenced an investigation into the tax liability of Kevin A. McDoneld for tax years 2004, 2005, 2006, 2007, and 2008.  In connection with his investigation, on April 15, 2010, pursuant to

Title 26, United States Code, Section 7602, Adams issued an Internal Revenue Service Summons to Kevin A. McDoneld.  Through same McDoneld was summoned to personally appear on May 11, 2010, and to give testimony and to produce for examination all books, papers, records, or other data as described in the summons.

McDoneld failed to appear in response to the summons.  The United States of America thus petitions the Court to order McDoneld to comply with the IRS summons.  The Court ordered McDoneld to appear and show cause why he should not comply with the IRS summons.

The IRS is authorized to issue summonses to compel any person that has possession of books, papers, or other data to produce such materials when needed by the IRS to determine the correctness of the tax return or otherwise to determine the tax liability of an individual.  *United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988) (*en banc*).  If the person does not comply with the summons, the IRS can file a petition for enforcement with the district court.  *Id.*

In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court set forth four criteria that the IRS must establish to have a summons enforced:

> (1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;
> (2) That the inquiry may be relevant to the purpose;
> (3) That the information sought is not already within the IRS's possession; and
> (4) That the administrative steps required by the Code have been followed.

*Id.*

Once the Government has carried its burden of proving the above requirements, the burden shifts to the party resisting the summons to challenge it on any appropriate ground. *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992).  While a proceeding to enforce a summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a summary proceeding.  *Id.*  The Court's only task is to determine whether the summons should or

should not be enforced.  *Barrett*, 837 F.2d at 1344.  This inquiry is limited to ensuring that the Government has complied with the four *Powell* criteria and that the Court's process is not being abused.  If good faith and legitimate purpose are found to exist, the summons should be enforced.  *Id*  If they are not present, enforcement should be denied.  *Id.; United States v. Trenk*, 2007 WL 174327 (D. N.J. 2007) ("When the taxpayer does not refute the prima facie case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."); *see also United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971) ("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding.  Only when so raised is there a need for an evidentiary hearing . . .").

Through its petition and at the oral show cause hearing, the government, through Revenue Officer Adams, has made a prima facie case for enforcement of the summons by the IRS to McDoneld.  McDoneld neither objected to the petition nor appeared at the show cause hearing.  McDoneld has, thus, failed to carry his burden of demonstrating that the *Powell* criteria have been met.  Accordingly,

**IT IS RECOMMENDED** that the Petition to Enforce Internal Revenue Service Summons (Rec. Doc. 1) be GRANTED and that Kevin A. McDoneld be ordered to comply with the summons.

The government has also moved the Court for its costs and fees incurred with having had to bring this action.  The government's right to file the appropriate motion to recover such costs and fees is hereby preserved, should circumstances so warrant.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).  A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon the grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Thus done and signed, this 27th day of September 2011, in New Orleans, Louisiana.

_____
HON. SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE